CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 06 2014

JULIA C. DUDLEY, CLERK
BY:
    /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEJUANA ALICE MORGAN, | ) |
| Plaintiff, | ) Civil Action No. 7:13cv137 |
| v. | ) MEMORANDUM OPINION & ORDER |
| WELLS FARGO BANK, NATIONAL ASSOCIATION | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendant. | ) |

This matter is before the court on Defendant Wells Fargo's motion for Bill of Costs (ECF No. 33) pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Plaintiff Lejuana Morgan does not object to Defendant's calculation of taxable costs but objects only on the grounds that she cannot afford to pay them. Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party unless another statute creates an exception or the opposing party shows circumstances sufficient to overcome the presumption. "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)).

Although Plaintiff cites to her inability to pay, she marshals no evidence in support. A judge of this court has previously ruled that "the losing party's financial resources merit consideration, *should there be sufficient evidence to make a finding of inability to pay.*" Arthur v.

Pet Dairy, 2013 WL 6228732, at *2 (W.D. Va. Dec. 2, 2013) (citing cases) (emphasis added); see Chapman v. AI Transp., 229 F.3d 1012 (11th Cir. 2000) ("If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay."); see also McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994) (affirming district court's finding that party failed to establish in the record that he was incapable of paying the court-imposed costs at the present time or in the future because his response to the petition for costs "merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs."). Therefore, because Plaintiff makes only blanket assertions of her inability to pay and no other factor weighs in her favor,* the Court will grant Defendant's motion for Bill of Costs.

Accordingly, it is hereby **ORDERED** that Defendant's motion for Bill of Costs is **GRANTED**, and the court awards $3,042.93 in costs to Defendant.

**ENTER:** May 6, 2014.

UNITED STATES DISTRICT JUDGE

---

* Even had she marshaled evidence, courts have "caution[ed] that a losing party's indigency or an inability to pay costs does not automatically mean that a costs award levied against that party is inequitable." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 463 (3d Cir. 2000); see King v. E. Shore Water, LLC, 2013 WL 4603316, at *2 (D. Md. Aug. 27, 2013). In this case, the court also finds that the issues were not close and difficult. There is no evidence of litigation misconduct by the prevailing party, and there is no evidence that Defendant seeks excessive costs.